UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRENDA MILLER AND JAMES MILLER,<br>    *Plaintiffs*,<br><br>    *vs.*<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br>    *Defendant*. | )<br>)<br>)<br>)    2:14-cv-00104-JMS-WGH<br>)<br>)<br>)<br>) |

## **ORDER TO FILE JOINT JURISDICTIONAL STATEMENT**

Plaintiffs Brenda Miller and James Miller filed a Complaint against Defendant Novartis Pharmaceuticals Corporation ("Novartis") in the United States District Court for the Northern District of Alabama on May 7, 2009. [Filing No. 1.] On June 25, 2009, the case was transferred to the United States District Court for the Middle District of Tennessee for inclusion in a Multi-district Litigation action pending there. [Filing No. 7.] On March 27, 2014, the case was remanded to the Northern District of Alabama, [Filing No. 8], and on April 9, 2014, the Northern District of Alabama transferred the case to this Court pursuant to the parties' stipulation. [Filing No. 12.]

The Millers allege that diversity jurisdiction exists[1] because: (1) they are citizens of Indiana; (2) Novartis is a Delaware corporation with its principal place of business in New Jersey; and (3) "Plaintiff claims an amount in controversy exceeding $75,000.00." [Filing No. 1 at 1.]

---

[1] The Court notes that the Millers allege in their Complaint that Novartis was negligent *per se* because it "violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, *et seq.*, and the Sherman Food, Drug and Cosmetic Law, as well as other applicable laws, statutes, and regulations." [Filing No. 1 at 7.] The Millers do not allege any claims under those laws or any federal laws, however. Additionally, they specifically allege that the Court has diversity jurisdiction. [Filing No. 1 at 1 ("This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332….").]

- 1 -

On June 4, 2009, Novartis filed its Answer to the Complaint, in which it admitted that it is a Delaware corporation with its "principal offices" in New Jersey, but denied the allegations regarding the amount in controversy and the Millers' citizenship because it "lacks sufficient knowledge or information to form a belief" as to their truth. [Filing No. 4 at 1.]

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Based on the Millers' jurisdictional allegations in the Complaint and Novartis' Answer, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

The Court **ORDERS** the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction. If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **May 15, 2014** setting forth the basis for each of their citizenships[2] and whether they agree that the amount in controversy exceeds $75,000, exclusive of interest and costs.[3] If the parties cannot agree on their respective citizenships or the amount in controversy, any party who disagrees shall file a separate

---

[2] Novartis admits that its "principal offices" are in New Jersey, but the parties must set forth Novartis' "principal place of business" and its state of incorporation in order for the Court to determine Novartis' citizenship. *See Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006) (a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business).

[3] The Complaint only asserts that the amount in controversy exceeds $75,000. But the Court must determine whether the amount in controversy exceeds $75,000 "exclusive of interest and costs." 28 U.S.C. § 1332. Accordingly, the parties must address whether the amount in controversy exceeds $75,000 "exclusive of interest and costs" in their joint statement or separate statements.

jurisdictional statement by **May 15, 2014** setting forth its view regarding the citizenship of each of the parties and the amount in controversy.

Additionally, all attorneys in this case must be admitted to practice before this Court in accordance with Local Rule 83-5(a). Moreover, only attorneys who are admitted to practice before this Court and who have proper appearances in this case are entitled to receive electronic service of Court entries and orders. Counsel are thus cautioned that after this Order, no further entries or orders will be served on attorneys who are not properly admitted to practice before this Court and have not properly appeared in this case. The Court assumes that counsel not now admitted to practice before this Court will act promptly, pursuant to Local Rule 83-5, to remedy that problem. In the meantime, attorneys who are not currently admitted should frequently check the docket of this case through PACER to ensure that they do not miss any dates and deadlines.

Finally, the Court notes that the Millers have not filed a Statement of Position as required by Local Rule 16-2 ("[w]ithin 21 days after the court receives a case…that is transferred from another district, each party must file a statement of position as to what action the court should take in the case"). The Court **ORDERS** the Millers to file a Statement of Position pursuant to Local Rule 16-2 by **May 15, 2014**.

05/02/2014

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Christopher S. Stake
DELANEY & DELANEY LLC
cstake@delaneylaw.net

**Distribution via U.S. Mail:**

Annesley H. DeGaris
CORY WATSON CROWDER & DEGARIS PC
2131 Magnolia Avenue
P.O. Box 55927
Birminghan, AL 35255-5972

Robert G. Germany
PITTMAN, GERMANY, ROBERTS & WELSH, LLP
410 S. President Street
Jackson, MS 39201

Catherine R. Baumer
HOLLINGSWORTH, LLP
1350 I Street N.W.
Washington, D.C. 20005

Frederick G. Helmsing, Jr.
MCDOWELL KNIGHT ROEDDER & SLEDGE
63 South Royal Street, Suite 900
P.O. Box 350
Mobile, AL 36601